UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LENARD T. HICKS #352242**                                            **CIVIL ACTION**

**VERSUS**                                                             **NO. 06-2009**

**NATHAN BURL CAIN**                                                   **SECTION C(6)**

ORDER AND REASONS

Before the Court is petitioner's Motion for Relief from Judgement and Order pursuant to Federal Rule of Civil Procedure 60(B). Rec. Doc. 19. By order of this Court, the respondent has filed an opposition. Rec. Doc. 21. The Court, having considered the record, the law, and the memoranda of the parties, hereby DENIES petitioner's motion for the reasons that follows.

On December 16, 2008, this Court entered judgment dismissing petitioner's petition for habeas corpus as untimely. Rec. Doc. 15. The Order and Reasons corresponding to judgment concluded that petitioner's petition should be dismissed with prejudice as untimely. Rec. Doc. 14. Specifically, the Court reasoned that because the one year statute of limitations for filing a petition for habeas corpus under 28 U.S.C. 2254(d)(1)(A) had only been suspended by the granting of an out-of-time appeal in petitioner's case at the state court, the habeas corpus statute of limitations had expired more than two years before petitioner filed the above-captioned petition. *Id.*

By the current motion, petitioner attacks the Court's reliance on *Salinas v. Dretke*, 354 F.3d 425 (5th Cir. 2004) to conclude that petitioner's out-of-time appeal only suspended the statute of limitations on his petition for habeas corpus. In *Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009), the United States Supreme Court unanimously rejected the rule of *Salinas*, concluding instead that an out-of-time appeal granted before a defendant has filed for habeas corpus relief has the effect of undoing the finality of his conviction and

interrupting, rather than suspending, the statute of limitations for his habeas petition. In such cases, the statute of limitations restarts only after the judgment of the state court becomes final in light of the out-of-time appeal. *Jimenez*, 555 U.S. at 121, 129 S. Ct. at 686-87.

However, *Jiminez* was announced only after this Court entered judgment in this case, and the Fifth Circuit has rejected retroactive application of the rule in *Jimenez* to judgments via Rule 60(b). *Hernandez v. Thaler*, 630 F.3d 420, 427-31 (5th Cir. 2001). Further, even granting petitioner the benefit of the *Jimenez* rule, his statute of limitations would have expired on May 10, 2003. Petitioner's applications for state post-conviction relief were filed well after this date and therefore too late to suspend or toll the expiration of limitations in this case. For these reasons, *Jimenez* offers no help to petitioner.

Accordingly,

IT IS ORDERED that petitioner's Motion for Relief from Judgement and Order pursuant to Federal Rule of Civil Procedure 60(B) is DENIED. Rec. Doc. 19.

New Orleans, Louisiana, this 19th day of February 2014

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE